United States District Court
Southern District of Texas
ENTERED
September 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TS, AS JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-6336 |
| | § | |
| BRAZOS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff TS was an inmate in the Brazos County Jail. Through counsel, she filed a Civil Rights Complaint in Texas state court raising state and federal law claims. The defendants removed the case to this Court.

All the defendants except Alfred West filed a motion to dismiss. TS then amended her Complaint and the same defendants moved to dismiss the Amended Complaint. For the following reasons, that motion is granted.

## I. Background

The plaintiff alleges that in June 2023, while she was an inmate in the Brazos County Jail, she was placed in a cell in the men's section of the jail with another woman. While there, defendant Alfred West, a male inmate, gained access to the cell and sexually assaulted the plaintiff. The plaintiff alleges that she pressed the call button on her cell intercom to get the attention of a guard but, because she did not who was attacking her, did not speak and instead allowed the sounds of the sexual assault to carry over the intercom. Help did not arrive. The plaintiff further later learned that West was able to gain access to her cell due to a defective locking mechanism.

The plaintiff further alleges that defendants connected with the Brazos County District

Attorney's Office falsely told her that they had pursued an indictment against West, but that the grand jury returned a no bill. She contends that the defendants conspired to give her this false information to prevent her from filing suit.

On October 13, 2025, the plaintiff filed suit in the 472nd Judicial District Court of Brazos County, Texas. The defendants removed the case to federal court on December 30, 2025, and moved to dismiss on January 19, 2026. The plaintiff amended her Complaint on February 9, 2026, and the defendants subsequently moved to dismiss the Amended Complaint.

## II. Standard of Review

### A. Rule 12(b)(1)

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

### B. Rule 12(b)(6)

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

> draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## III. Analysis

### A. Statute of Limitations

The defendants argue that the plaintiff's claims are barred by limitations. The plaintiff responds that there are different limitations periods for her different claims, and that the defendants improperly lump all the claims together for purposes of their limitations argument.

#### 1. Claims Under 42 U.S.C. § 1983

> Texas' general personal injury limitations period is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see also Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). And federal courts use the forum state's general personal injury limitations period to govern claims under § 1983. *Owens v. Okure*, 488 U.S. 235, 240–41, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

*Beckwith v. City of Houston*, 790 F. App'x 568, 572–73 (5th Cir. 2019).

The alleged incident giving rise to this case occurred in June 2023. Plaintiff did not file suit in state court until October 2025, approximately 28 months after the incident.

The plaintiff argues that she did not learn about the allegedly defective locking mechanism on her cell until some months after she was assaulted, and that her claims did not accrue until then. This argument is unavailing.

> Federal law governs when a cause of action under § 1983 accrues. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 n.10 (5th Cir. 1995). The limitations period begins to run when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* at 516 (internal quotations omitted).

*Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). Accepting as true that the plaintiff did not know about the locking mechanism until less than two years before she filed suit, she nonetheless knew that: (1) she was placed in the male section of the jail; (2) she was assaulted by a male inmate; (3) she held the button on her cell intercom allowing the sounds of her assault to be broadcast to guards; and (4) no help arrived. Thus, she knew in June 2023 that she had been injured as a result of the conditions of her confinement, and that the defendants failed to protect her. Her claim accrued then, and the limitations period expired approximately four months before she filed suit. Her claims under § 1983 are therefore barred by the statute of limitations.

### 2. State Law Claims

As noted above, the Texas statute of limitations for personal injury claims is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003. As under federal law, a Texas state law personal injury claim accrues when the plaintiff knew or reasonably should have known she was injured. *See, e.g., Markwardt v. Texas Indus., Inc.*, 325 S.W.3d 876, 889-91 (Tex. App. Houston [14th Dist.] 2010). As also noted above, plaintiff knew or should have known in June 2023 that she was injured because of failures by the defendants to provide safe conditions and protect her from assault. Therefore, her state law claims for negligence and gross negligence are also time-barred.

The Texas statute of limitations for fraud is four years. TEX. CIV. PRAC. & REM. CODE § 16.004. Therefore, the plaintiff's fraud and conspiracy claims, as well as her claim under 42 U.S.C. § 1985, are not barred by limitations.

## B. Conspiracy

The plaintiff also alleges that the defendants conspired to obstruct justice and deny her right of access to the courts. 42 U.S.C. § 1985 provides, in relevant part:

> **(2) Obstructing justice; intimidating party, witness, or juror**
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
>
> **(3) Depriving persons of rights or privileges**
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985.

The plaintiff alleges that several of the defendants conspired to lie to her about the pursuit

of criminal charges against West. She contends that this was a conspiracy to obstruct justice and deny her right of access to the courts. Subsection (2), quoted above, requires the use of "force, intimidation, or threat" to obstruct justice. The plaintiff does not allege any such force, intimidation, or threat.

Subsection (3) requires an attempt to deprive a person of a constitutional right. The plaintiff contends that the defendants conspired to deprive her of her right of access to the courts by lying about criminal charges being brought against her alleged assailant to dissuade or discourage her from filing a civil lawsuit. She fails to state a claim for relief.

The plaintiff's ability to file a lawsuit based on the alleged assault was in no way dependent on criminal charges being brought against the assailant. Nothing in the Amended Complaint alleges that the defendants prevented her from filing suit or impeded her ability to do so. Because the plaintiff fails to identify the deprivation of any constitutional right, her conspiracy claim under section 1985 must be dismissed.

### C. Timely State Law Claims

As discussed above, the plaintiff's state law claims for fraud and conspiracy are not barred by the statute of limitations.

#### 1. Individual Governmental Employees

Texas law requires a tort plaintiff to elect whether to sue a governmental entity or the entity's employees; suing the entity "constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a). Moreover, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by

the governmental unit." *Id.* at § 101.106(e). Brazos County, the governmental unit sued by the plaintiff has so moved, and the individual government employee defendants must therefore be dismissed.

**2. Brazos County**

"Under the common-law doctrine of sovereign immunity, a municipality is immune from tort liability for its own acts or the acts of its agents unless the Texas Tort Claims Act waives immunity." *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998). The Texas Tort Claims Act provides, in relevant part:

> A governmental unit in the state is liable for:
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> (B) the employee would be personally liable to the claimant according to Texas law; and
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE Ann. § 101.021.

As discussed above, the plaintiff's personal injury claims are time-barred. The only timely claims are those for fraud and conspiracy, neither of which fall under this waiver of immunity. Accordingly, Brazos County is immune from suit for the timely claims, and those claims must be dismissed.

**3. Fraud**

Election of remedies and governmental immunity notwithstanding, the plaintiff fails to plead facts supporting her fraud claim.

> To prevail on a claim for common-law fraud, the plaintiff must prove that: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018); *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015).

*W. Loop Hosp., LLC v. Houston Galleria Lodging Assocs., LLC*, 649 S.W.3d 461, 484 (Tex. App. 2022). As discussed above, the plaintiff's ability to file a civil lawsuit was in no way dependent on the existence or status of any criminal proceeding. Therefore, the defendants' alleged misrepresentations were not material, nor was any reliance on them justifiable.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** as follows:

1. The defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. Entry No. 7) is **GRANTED**;
2. All claims against defendants Jarvis Parsons, Wayne Dickey, Darcie Wright, and David Grissum, and all personal injury claims against Brazos County are **DISMISSED WITH PREJUDICE**;
3. All claims for intentional torts against Jarvis Parsons, Wayne Dickey, Darcie Wright, and David Grissum are **DISMISSED WITH PREJUDICE** pursuant to Texas's election of remedies statute, TEX. CIV. PRAC. & REM. CODE § 101.106(a) and (e);
4. All claims for intentional torts against Brazos County are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under Brazos County's governmental immunity; and

5. The defendants' Motion to Dismiss Plaintiff's Original Petition/Complaint (Dkt. Entry No. 3) is **DENIED AS MOOT**.

SIGNED at Houston, Texas on SEP 3 0 2026

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE